Davis, J.
The contention of the plaintiff in error arises upon the following instruction to the jury: “If you find that the defendant killed Heber Farrar and that such killing was not intentional but was accidental, then you must determine whether such killing occurred as the result of an act prohibited by statute. * * * The statutes of this state prohibit the discharge of any fire-arm on any ground appurtenant to or within gunshot of any occupied dwelling house, the property of another. If the evidence shows beyond a reasonable doubt that at the time the defendant' fired the rifle, if he fired it, he stood on the ground appurtenant to, or within gunshot of an occupied dwelling house, other than the one in which he lived, and such occupied dwelling house was the property of another, and he knew those facts, then the firing of that rifle, under such circumstances was prohibited by statute, and unlawful; and if the shot so fired killed Heber Farrar, the defendant would be guilty of manslaughter.”
The plaintiff in error maintains that the instruction was prejudicial error because it was an instruc *226 tion that even if the defendant stood upon ground appurtenant to his own dwelling, which was the fact, in this case, and accidentally or otherwise discharged a fire-arm thereby accidentally killing the-decedent, he would nevertheless be guilty of manslaughter because he caused the death of the deceased, while he, the defendant, was engaged in an unlawful act. The plaintiff in error insists that this, is a misinterpretation of section 6962, Revised Statutes, and that the circuit court erred in affirming the-judgment of the court of common pleas. The same-question is raised by the refusal of the trial judge to give to the jury certain instructions requested by the defendant.
Section 6962 reads as follows:
“Whoever discharges any fire-arms on any lawn,, park, pleasure ground, orchard, or any other ground directly appurtenant to, or within gunshot of, any-occupied dwelling house, the property of another, or any charitable institution, shall be fined not more-than twenty nor less than five dollars, or imprisoned not more than thirty days, or both.”
The prosecution contends that if the defendant discharged a gun within gunshot of a dwelling house, other than the one in which he lived, although at the time he may have stood on ground appurtenant to-the dwelling in which he lived, he was guilty of a violation of the statute and consequently guilty of manslaughter regardless of his intention. It can hardly be assumed without better evidence than appears in the language of this statute that the legislature intended to make it a crime for a man to discharge fire-arms within his own house for the protection of his fireside or outside of his house and upon his own premises in defense of his property, his *227 family or his own person. On the contrary, we are of the opinion that the natural and appropriate com struction of this section and the true legislative intention are found by placing the phrase “the prop: erty of another” in relation to and as qualifying the words “lawn,” “park,” “pleasure ground,” “orchard or other ground” and “dwelling house.” That is to say, the correct and natural reading is, “Whoever discharges any fire-arms on any lawn or park, the property of another, or on any pleasure ground,. the property of another, or on any orchard or other ground, the property of another, directly appurtenant to or within gunshot of any occupied dwelling house, the property of another,” etc. It is an established rule of construction in this state that where the language of a revised statute is so far ambiguous as to call for construction, it is proper to refer to the statutes from which the revision was made. This rule would be strongly reinforced when, as in this case, the original act was not repealed by the act of revision and still remains unrepealed; because the two acts being in pari materia must be made to stand together, that is, to harmonize. The original act was not expressly repealed by the act of revision, nor by any later statute. It cannot be impliedly repealed unless it be irreconcilably in conflict with the revision. The section from which the revised section is for the most part taken is found in 71 O. L., 148. It is section 4 of “An act to protect certain birds and game, and to protect landowners and punish trespassing upon improved and enclosed land, and to repeal certain statutes therein named.” The title expresses the whole scope and purpose of the act. This section 4 is as follows:
*228 “No person, when shooting on the land of another, shall discharge any fire-arms on any lawn, pleasure ground, orchard or other ground, which is directly appurtenant to or within gunshot of an occupied dwelling house. The penalty for violating this section shall be a fine of not less than five nor more than twenty dollars, or be imprisoned not more than thirty days, or both, at the discretion of the court, and pay the costs of prosecution.”
The clause in the original section, “when shooting on the land of another,” which qualifies every other part of the section, is not dropped out of the •revised section. It is preserved in the phrase, “the property of another;” and when the revised section is read as we construe it, it harmonizes completely with the original section, and not otherwise. In this view of section 6962 of the Bevised Statutes its scope differs from that of the original section only in that it extends the inhibition so as to protect charitable institutions also. The charge to the jury was there-' fore erroneous and the judgment of the circuit court and that of the court of common pleas are
' Reversed.
Spear, O. J., Shauck, Price, Crew and Summers, JJ., concur.